| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>MIHAIL TUTUIANU,<br><br>        *Plaintiff*,<br><br>- against -<br><br>NEW YORK PRESBYTERIAN COMMUNITY<br>HEALTH PLAN, FIDELIS CARE NEW YORK,<br>DORAL SERVICES OF NEW YORK, ZARMAN<br>SURGICAL SUPPLY, INC., and<br>THE ORTHOREMEDY INC.,<br><br>        *Defendants*.<br>------------------------------------------------------------------ X | NOT FOR PUBLICATION<br><br><br><br>MEMORANDUM AND<br>ORDER<br><br>09-CV-0788 (JG) (LB) |

A P P E A R A N C E S:

  MIHAIL TUTUIANU
    67-18 Parson Blvd. #2B
    Flushing, NY 11365
    Plaintiff, *pro se*

  LAW OFFICES OF CHARLES J. SIEGEL
    40 Wall St., 7th Floor
    New York, NY 10005
  *By*: Stuart Apploff
    Christopher A. South
    *Attorneys for Defendant Zarman*
    *Surgical Supply, Inc.*

JOHN GLEESON, United States District Judge:

  *Pro se* plaintiff Mihail Tutuianu brings this action, purportedly under 42 U.S.C. § 2000, against various medical care providers, alleging various injuries incurred in his attempts to obtain Medicaid benefits. Defendant Zarman Surgical Supply, LLC ("Zarman") measured Tutuianu for a pair of prescription vascular stockings. Zarman moves to dismiss Tutuianu's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on

which relief can be granted. I heard oral argument on the motion on August 14, 2009, and now grant Zarman's motion to dismiss.

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, ---, 127 S. Ct. 2197, 2200 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In its recent decision in *Iqbal*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Twombly*, 550 U.S. 544, the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Tutuianu's complaint alleges that Zarman employees intentionally submitted erroneous measurements to the manufacturer of the stockings, and that he was physically and psychologically damages by the several months he spent without proper stockings.

2

Although these allegations suggest, at best, some sort of intentional tort under state law, Tutuianu claims that Zarman has violated his civil rights. As I have stated with regard to another defendant in this case, June 18, 2009 Order 3, the only federal statute even potentially implicated by this complaint is 42 U.S.C. § 2000d, which provides that no person "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Even assuming that Tutuianu's complaint properly alleges that Zarman's employees bungled his stockings prescription intentionally, rather than negligently, it does not plausibly claim that they did so because of his race, color, or national origin. Tutuianu has therefore failed to state a claim against Zarman.

In his response to Zarman's motion Tutuianu, "request[s] a clear answer -- explanation in regard to the letter's point 4." Pl. Mem. in Opp. 3. This is a reference to his letter of July 8, 2009, which reads, in relevant part:

> 4. On the civil docket sheet for the above case . . . is written "the plaintiff['s] application to amend the complaint is denied by the Court (Court Reporter Marie Foley)."
> a) Why denied if not discussed and not let to discuss . . .
> b) Why the involvement of the court reporter, if the motion was not discussed? What is in her document, that the plaintiff is not aware of? No audio recording of the proceeding.
> c) In all your orders you mention, "I am mindful that MT is pro-se"
> d) By giving the plaintiff the opportunity to renew his motion, it means that you read his second addendum and its ex[h]ibits (all being served on 02 June) and noticed its extra merit and heavy evidences, proving his case.

July 8, 2009 Letter of Mihail Tutuianu.

The docket entry to which Tutuianu refers is the "Minute Entry" for the June 18, 2009 oral argument on a motion to dismiss filed by Doral Dental Services. Like all such entries, it lists the name of the court reporter who transcribed the hearing. I am not sure that she has

3

prepared a transcript of the hearing, as it does not appear that either party has requested such a transcript.  Thus, I cannot say whether there would be anything in the transcript that Tutuianu was unaware of.  If Tutuianu wishes to request a copy of the transcript, he should contact the pro se office for instructions on how to do so.

Tutuianu suggests that, at the June 18 hearing, I either refused to allow him to renew his motion for leave to amend his complaint or denied this renewed motion without allowing him to be heard on the matter.  Although he clearly feels that I acted improperly in doing so, I have reviewed his proposed amendments and conclude that nothing in them remedies the legal defects in his complaint against Zarman.

Accordingly, Zarman's motion to dismiss Tutuianu's claims against it is granted.  Zarman's cross-claims claims against the other defendants in this action are also dismissed.
.

So ordered.


John Gleeson, U.S.D.J.

Dated: August 14, 2009
　　　　Brooklyn, New York