```
UNITED STATES DISTRICT COURT                          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MIHAIL TUTUIANU,

                  Plaintiff,
                                                      MEMORANDUM AND
     -against-                                        ORDER

NEW YORK PRESBYTERIAN COMMUNITY                       09-CV-0788 (JG) (LB)
HEALTH PLAN, FIDELIS CARE NEW YORK,
DORAL SERVICES OF NEW YORK, ZARMAN
SURGICAL SUPPLY, INC., and
THE ORTHOREMEDY INC.,

                  Defendants.
-----------------------------------------------------------X
```

A P P E A R A N C E S:

    MIHAIL TUTUIANU
        67-18 Parson Blvd. #2B
        Flushing, NY 11365
        Plaintiff, *pro se*

    FIDELIS CARE NEW YORK
        95-25 Queens Blvd.
        Rego Park, NY 11374
    *By*:    James Robert Pigott, Jr.

JOHN GLEESON, United States District Judge:

    *Pro se* plaintiff Mihail Tutuianu brings this action, purportedly under 42 U.S.C. § 2000, against various medical care providers, alleging various injuries incurred in his attempts to obtain Medicaid benefits. Defendant Fidelis Care New York is Tutuianu's Medicaid managed care organization. Fidelis moves to dismiss Tutuianu's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. I heard oral argument on the motion on December 11, 2009, and now grant Fidelis's motion to dismiss.

    Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether

the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In its recent decision in *Iqbal*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Twombly*, 550 U.S. 544, the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Tutuianu's claims against Fidelis concern his attempts to procure custom orthotics and vascular stockings and to have an allegedly shoddy dental crown bridge fixed. He alleges that Fidelis initially denied his request to pay for custom orthotics and then later, after approving his request, directed defendant Ortho Remedy, Inc. to foil his attempts to order the orthotics.[1] According to Tutuianu, Fidelis also acted in concert with defendant Zarman Surgical Supply, LLC, to frustrate his attempts to order a pair of vascular stockings.[2] Tutianu also alleges that the various dentists he visited either refused to treat him, agreed to do so but then did not follow up, or provided improper treatment. Tutuianu suggests that Fidelis directed the dentists he visited to

---

[1] I dismissed the claims against Ortho Remedy for failure to state a claim on September 9, 2009.
[2] I dismissed the claims against Zarman for failure to state a claim on August 14, 2009.

2

deny him treatment, denied valid claims for treatment itself, and engaged in dilatory and dishonest practices when Tutuianu sought hearings on his eligibility for the treatment he sought.

In general, such conduct may be actionable under state contract or tort law, and would be cognizable in federal court only pursuant to diversity jurisdiction. However, Tutuianu does not assert that the named defendants are citizens of a different state than he is or otherwise attempt to invoke this court's diversity jurisdiction.

Tutuianu also suggests that Fidelis is guilty of sabotage. However, sabotage is a crime and "therefore do[es] not give rise to civil causes of action." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

The only federal statute even potentially implicated by the allegations in Tutuianu's complaint is 42 U.S.C. § 2000d, which provides that no person "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Tutuianu apparently believes that his inability to receive satisfactory orthotics and dental work is the result of some shadowy Jewish conspiracy to prevent him from fixing his teeth or walking without pain, *see* Compl. 15 ("[s]uspecting that the Tribe of Judah was at work"), presumably because he is a gentile. Assuming *arguendo* that such discrimination is actionable under 42 U.S.C. § 2000d, Tutuianu has failed to plausibly allege that it occurred. The mere fact that one dentist who refused to treat Tutuianu has a "colleague" with the surname "Rosenbaum," *id.*, does not render it plausible that she refused to treat Tutuianu because she was in the thrall of a racist conspiracy.[3] Although Tutuianu's complaint, construed liberally, plausibly alleges that

---

[3] Tutuianu alleges that other dentists refused to treat him because he refused an x-ray, *id.*, or because they were "afraid of [a] malpractice suit." *Id.* at 16.

he received shoddy medical treatment, he has failed to allege that this mistreatment occurred because of his "race, color, or national origin." 42 U.S.C. § 2000d.

Accordingly, Fidelis's motion to dismiss Tutuianu's claims against it is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated:	December 15, 2009
	Brooklyn, New York